**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**CHIMA IHEKE**                                                                                              **PETITIONER**
Reg. # 44947-019

VS.                                         CASE NO. 2:13CV00149-BD

**ANTHONY HAYNES, Warden,**
**FCI, Forrest City**                                                                                       **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

**I.      Introduction**

Chima Iheke filed a pro se petition for a writ of habeas corpus (docket entry #1) under 28 U.S.C. § 2241.  Mr. Iheke claims he is actually innocent of a sentence enhancement applied by the court in *U.S. v. Iheke*, 1:94-cr-00003-17-FMH (N.D. Ga. Oct. 20, 1995)(#8-1).  Specifically, he asserts that his Sixth Amendment rights were violated when the sentencing court determined that he was responsible for 22.2 kilograms of heroin (making his base offense level 36 for sentencing purposes) and applied a four-level enhancement based on his aggravating role in the conspiracy.  (#8-1 at p. 6)  Mr. Iheke complains that the sentencing judge enhanced his sentence based on drug quantities determined solely by the court– quantities not specified in the indictment or found by the jury.  Mr. Iheke relies on the recent United States Supreme Court decision in *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013).

Warden Anthony Haynes has responded to the petition arguing that *Alleyne* does not apply to Mr. Iheke's case; *Alleyne* does not apply retroactively; and even if *Alleyne*

did apply, Mr. Iheke's remedy is a petition to correct his sentence brought in the sentencing court under 28 U.S.C. § 2255.

The parties have consented to this Court's jurisdiction. For the reasons set forth below, the petition is denied and dismissed. (#7)

**II.    Background**

In 1995, a jury in the United States District Court for the Northern District of Georgia convicted Mr. Iheke of one count of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of conspiracy to import heroin, in violation of 21 U.S.C. §§ 952 and 963. (#8-1 at p. 1) The trial court sentenced Mr. Iheke to imprisonment for a term of 322 months on each count, to run concurrently. (#8-1, pp. 1-6) Mr. Iheke's sentence was affirmed on appeal. *United States v. Iheke*, 156 F.3d 185 (table)(11th Cir. 1998), *cert. denied*, 525 U.S. 1124 (1999).

In July, 1999, Mr. Iheke filed a motion with the trial court to vacate his sentence under 28 U.S.C. § 2255, which the court denied. *U.S. v. Iheke*, No. 1:94-cr-00003-17-FMH, docket entry 885 (February 28, 2000). Mr. Iheke appealed the denial of his motion, but the Eleventh Circuit Court of Appeals affirmed. *Iheke v. U.S.*, 277 F.3d 1376 (11th Cir. 2001), *reh'g and reh'g en banc denied*, 31 Fed.Appx. 933(11th Cir. 2002)(table), *cert. denied*, 536 U.S. 947 (2002).

Subsequently, Mr. Iheke moved to modify his sentence and applied for relief with the sentencing court pursuant to Fed. R. Civ. P. 60(b). *U.S. v. Iheke*, No. 1:94-cr-00003-17-FMH at docket entries 971, 993. The Eleventh Circuit has denied Mr. Iheke's application for leave to file a second or successive motion to vacate his sentence. *In re: Chima Iheke*, No. 04-13421-C (11th Cir. 2004).

### III. Discussion

Generally, a motion to vacate, set aside, or correct a sentence must be brought in the sentencing court. 28 U.S.C. § 2255(a); *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of a conviction or sentence, it is a further step in the petitioner's criminal case, and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence or the manner in which the sentence is being carried out. It is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).

The Court has reviewed Mr. Iheke's petition. Here, Mr. Iheke challenges the validity of his sentence, not its execution. Because the sentencing court has already denied relief on Mr. Iheke's § 2255 motion, and because Mr. Iheke has also been denied leave to pursue a second motion under § 2255, this Court cannot entertain this § 2241

3

petition for habeas corpus unless it appears that the remedy from a § 2255 motion addressed to the sentencing court is inadequate or ineffective to test the legality of his detention. *Nichols*, 553 F.3d at 649; § 2255(e).

A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah*, 392 F.3d at 959. This is a narrowly circumscribed safety valve. *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002). The mere fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Abdullah*, 392 F.3d at 959.

Specifically, a § 2255 remedy is not deemed inadequate or ineffective merely because the claim was previously raised and denied in a § 2255 motion; or because petitioner has been denied permission or does not meet the statutory requirements for filing a second or successive § 2255 motion; or because a § 2255 motion is time-barred. *Id*. Here, Mr. Iheke claims that the Supreme Court's decision in *Alleyne* renders relief under § 2255 inadequate or ineffective. This argument fails for several reasons.

First, *Alleyne* did not announce a new rule of constitutional law that the Supreme Court made retroactive to cases on collateral review. See, *e.g.*, *United States v. Redd*, 735 F.3d 88 (2nd Cir.2013) (per curiam); *United States v. Stewart*, __ Fed.Appx. __, 2013 WL 5397401 (4th Cir.2013) (per curiam); *Simpson v. United States*, 721 F.3d 875 (7th Cir.2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013);*United States v. Vargas*, 4:10-CR-

00188-1-SWW, 2013 WL 6858921 (E.D. Ark. Dec. 30, 2013). Moreover, even if the *Alleyne* decision had been made retroactive, Mr. Iheke's remedy would be to apply to the Eleventh Circuit to file a new motion with the sentencing court under 28 U.S. C. §2255.

Finally, it is questionable whether the *Alleyne* decision would apply to Mr. Iheke's case in any event. In *Alleyne*, the Supreme Court held that a fact that increases a mandatory minimum sentence is to be considered an element of the crime. Such a fact would have to be submitted to the jury and proved beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2162. Here, there is no indication that the sentencing court applied 21 U.S.C. § 841(b) or 21 U.S.C. § 846 to increase the mandatory minimum from ten years to twenty years. The sentencing court's memorandum of sentencing makes it clear that the applicable mandatory minimum sentence was ten years. (#8-1 at p. 6)

The court, in its sentencing memorandum found Mr. Iheke responsible for 22.2 kilograms of heroin, thus making his base offense level 36 for sentencing purposes. The court then applied a four-level enhancement based on Mr. Iheke's aggravating role in the conspiracy. (#8-1 at p. 6) Citing *Alleyne*, Mr. Iheke complains that the trial judge erred by enhancing his sentence based on drug quantities that were not specified in the indictment or found by the jury.

In *Alleyne*, the Supreme Court made it clear that its ruling did not mean "that any fact that influences judicial discretion must be found by a jury." The Court explicitly recognized that a sentencing court's, "broad sentencing discretion, informed by judicial

factfinding, does not violate the Sixth Amendment." *Id*. at 2163 (citing *Dillon v. United States*, __ 560 U.S. __, 130 S.Ct. 2683, 2692). Because the judicial factfinding at issue here was part of the sentencing court's broad sentencing discretion and because the court did not increase the mandatory minimum sentence, *Alleyne* appears to be inapplicable. See *U.S. v. Abrahamson*, 731 F.3d 751, 752 (8th Cir. 2013)("*Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury"); see also *Aragon-Hernandez v. U.S.*, No. 13-CV-2218, 2014 WL 468266, *3 (D. Minn. Feb. 6, 2014)(dismissing habeas petition brought under 28 U.S.C. § 2241 because sentencing court's determination of the total amount of drugs involved in the conspiracy was acceptable judicial factfinding under *Alleyne*).

**IV.  Conclusion**

Mr. Iheke has not made a showing of the inadequacy or ineffectiveness of his § 2255 remedies in the sentencing district; therefore, this Court lacks subject matter jurisdiction to entertain the claims raised in this § 2241 habeas action. The petition is DISMISSED, without prejudice. *Hill v. Morrison*, 349 F.3d 1089, 1091-93 (8th Cir. 2003).

IT IS SO ORDERED, this 28th day of February, 2014.

_____
UNITED STATES MAGISTRATE JUDGE